### PEOPLE *v.* LINK.

### PEOPLE *v.* CONKLIN.

*(Court of General Sessions, New York County.*  January, 1889.)

PERJURY—APPLICATION FOR APPOINTMENT AS POLICEMAN.
  It is legal and material to ask an applicant to the police commissioners for an appointment as policeman whether he has ever been complained of, indicted for, or convicted of, any criminal offense, and perjury may be predicated on his false answer to such question.

On demurrer by David H. Link to an indictment for perjury.

*J. C. J. Langbien* and *Ambrose H. Purdy*, for demurrer.  *Asst. Dist. Atty. Goff*, contra.

COWING, J.  The defendant has been indicted in this court for the crime of perjury, and demurs to the indictment upon the ground that it does not contain sufficient facts to constitute a crime. The court is called upon to determine this question of law raised by the demurrer. The counsel for the defendant, upon the argument of the demurrer, contended that the false statement made by the defendant, and upon which the assignment of perjury is made in the indictment, is wholly immaterial, and that therefore perjury cannot be predicated upon it. The false statement made by the defendant, and set out in the indictment, was contained in a written application made by the defendant to the police commissioners of this city to be appointed a policeman, and said application, so made by the defendant, contained among other questions put to and answered by the defendant, the following: "*Question.* Have you been complained of, indicted for, or convicted of, any criminal offense? *Answer.* No." The demurrer admits that this answer made by defendant was false and untrue, and the counsel for the defendant also admits upon his argument that, if the question was a legal one, and the information sought thereby was material for the commissioners to know to enable them to pass upon the fitness of the applicant to be appointed a policeman, that then the indictment is in every other respect full and definite enough to charge the defendant with the crime of perjury, and to put him to his defense thereon.

At the time the defendant made answer to the police commissioners that he had never been complained of, indicted for, or convicted of, any criminal offense, the fact was to the contrary, for at that very time he had been criminally complained of, and actually stood indicted in this court for the criminal offense of assault in the first degree, all of which the defendant, at the time he made said answer, well knew; but the counsel for defendant contends that inasmuch as the defendant is *prima facie* innocent until proven to be guilty, and that it would be illegal and incompetent to ask the defendant upon his trial for a crime if he had ever been complained of, or indicted for, any offense other than that for which he was on trial, that therefore the question put to the defendant was illegal and incompetent, and the answer made to said question by the defendant was wholly immaterial.

With this contention of the defendant's counsel I do not agree. While it is undoubtedly true that the defendant is *prima facie* innocent until he is proven guilty, and that it would not have been legal or competent to have asked him, upon his trial, for the purpose of affecting his moral character or his credibility, as to whether he had ever been complained of, or indicted for, any other crime than that for which he was on trial, still it will not be contended for a moment that it is any recommendation for one to be appointed a conservator of the public peace that he stands indicted in a criminal court for having criminally violated it. In my opinion it was not only the right, but it would have been the duty, of the police commissioners to have made inquiry into the facts upon which the defendant stood indicted for violating the public peace before appointing him to a position which would have made it his duty to preserve and maintain the same. A truthful answer given to the question might have led to such information to the commissioners as would have made it improper to have appointed the defendant upon the force.

It must be conceded that our police commissioners should only appoint men upon the force of good moral character, and that they cannot be too careful in their examination of applicants to ascertain everything about their past lives which will enable them to select for the force only such men as have good moral characters.

I have come to the conclusion, therefore, that the said question asked the defendant was eminently legal and proper to aid the commissioners in determining the moral fitness of the applicant for the position of policeman, and that the information sought by the question was material for the commissioners to know to enable them to determine as to such moral fitness. Judgment is therefore ordered for the people upon the demurrer, with leave to the defendant to answer over. The same disposition is made of the demurrer in the case of *People* v. *Conklin,* for the same reason.