THE PEOPLE OF THE STATE OF NEW YORK, APPEL-
LANT, v. MATTHEW T. TRUMPBOUR, RESPONDENT.

*Savings bank report — perjury — a deponent assuming to be a " principal officer " and verifying the report, estopped.*

Under section 273 of chapter 409 of the Laws of 1882, providing that the report required by that act as to the condition of a savings bank "shall be verified by the oath of the two principal officers of the institution," Matthew T. Trump-bour, an assistant treasurer of such an institution, verified a report alleged to be false.

Upon the hearing on a demurrer interposed to an indictment against him for perjury:

*Held,* that as he had assumed to be the proper person to verify the report, and had done so, he could not now claim that he was not a "principal officer" of the institution, and that he was, therefore, incompetent to take the oath.

APPEAL by the plaintiff, the People of the State of New York, from a judgment of the Ulster Oyer and Terminer, rendered on the 12th day of April, 1892, allowing the defendant's demurrer to an indictment for perjury.

*J. N. Vanderlyn* and *A. Schoonmaker,* for the appellant.

*William Lounsbery* and *D. M. De Witt,* for the respondent.

HERRICK, J.:

This is an appeal from the judgment of the Ulster County Oyer and Terminer sustaining a demurrer to the indictment herein.

The case is similar to the cases against James E. Ostrander, argued before us at this term, except that while in those cases it was alleged that Ostrander was the treasurer of the Ulster County Savings Institution and one of its two principal officers, in this case it is alleged that the defendant Trumpbour was the assistant treasurer and one of its two principal officers, and acting as such. The reports upon which the several indictments were founded were made at different times.

It is claimed by the defendant that, inasmuch as the statute provides that the report shall be verified by the two principal officers, and it appears upon the face of the indictment that the defendant was the assistant treasurer, that, therefore, he was not one of the two principal officers; that he is not one of the persons required by the statute to make the affidavit or verification; that his action in making it was extra-judicial, and that an indictment against him for perjury in making such verification will not lie. Whether he was or was not one of the two principal officers of the bank I think is of no consequence; assuming that he was not, still, in my opinion, his contention is unfounded.

A report was required by law to be made and verified; he assumes to be one of the two proper persons to verify it and does so. He cannot now come forward and claim that he was incompetent to take the oath; that he was not the proper person to verify the report so long as, in fact, he did verify it. (*People* v. *Bowe*, 34 Hun, 528; *Chamberlain* v. *People*, 23 N. Y., 85; *Howard* v. *Sexton*, 4 Comst., 157; *Pratt* v. *Price*, 11 Wend., 128; *Mackin* v. *People*, 56 Am. Rep., 167; Penal Code, § 98.)

The other questions under the indictment have been discussed in the Ostrander cases, decided at this term.

The judgment of the Oyer and Terminer allowing the demurrer should be reversed.

PUTNAM, J., concurred; MAYHAM, P. J., not sitting.