(19 Misc. Rep. 674.)

## PEOPLE v. NOLTE.

(Supreme Court, Trial Term, New York County. March, 1897.)

PERJURY—AUTHORITY TO ADMINISTER OATH.
 The judge presiding at a trial may direct the clerk to administer an oath to a witness, and the act of the clerk under such direction is the act of the judge himself, and an indictment against the witness for perjury may allege that he took his oath before said judge.

Louis Nolte was indicted for perjury. On the trial he moved that the court advise his acquittal on the ground, among others, that the oath was not personally administered by the justice, but by the clerk of the part of the court where the trial of the action was had in which the alleged testimony was given, in the presence and under the direction of the justice. Denied.

Wauhope Lynn and Henry Schmitt, for the motion.

James W. Osborne, Asst. Dist. Atty., and Chas. W. Zaring, Dep. Asst. Dist. Atty., for the People.

GIEGERICH, J. (orally). * * * It is next urged by counsel for the defendant that, as the oath was not personally administered by Mr. Justice Patterson to the defendant, but was administered by the clerk of the part of the court where the trial was had, in the presence and by the direction of the above-named justice, and as the indictment charges that the defendant was sworn and took his corporal oath before said justice, there is a fatal variance between the proof and the indictment. The authorities, however, do not seem to favor this contention. The Penal Code (section 97) prescribes that "the term 'oath' includes an affirmation, and every other mode authorized by law of attesting the truth of that which is stated." "Oaths are not peculiar to courts of justice, nor are they the creation of municipal law, having been in use in the earlier ages; and, no matter how abused, an oath has in every age been considered to supply the strongest hold on the consciences of men, either as a pledge of future conduct or as a guaranty for the veracity of narration." 16 Am. & Eng. Enc. Law, p. 1018. The oath is administered to witnesses and jurors in open court by the clerk of the court. Id. p. 1022. To make a valid oath, for the falsity of which perjury will lie, there must be in some form, in the presence of an officer authorized to administer it, an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath. O'Reilly v. People, 86 N. Y. 161; 18 Am. & Eng. Enc. Law, p. 302. An oath administered by the clerk of the court in open court, and under the direction of the court, is an oath administered by the court. 18 Am. & Eng. Enc. Law, p. 304; 2 Bish. New Cr. Law, § 1020, subd. 4. In State v. Knight, 84 N. C. 789, the indictment charged that upon a coroner's inquest the oath in which the perjury was assigned was administered by a justice of the peace, in the presence and by the direction of the coroner. The court, speaking through Ashe, J., said:

"The inquest held by the coroner and the jury, while sitting, is a court, and he is the judge thereof. It must, then, follow that he, and he alone, has the power and authority to administer the oath to the witnesses examined before him on the inquisition. The administration of the oath, however, is a ministerial act (Rowland v. Thompson, 65 N. C. 110), and it may be administered by any one in the presence and by the direction of the court; and the person acting in behalf of the court in such cases is a mere instrument—the mouthpiece—of the court, but the administration of the oath is the act of the court, and is so regarded, and must be so alleged, in all legal proceedings. It was just as competent for the coroner to have called upon any unofficial bystander to administer the oath for him as upon a justice of the peace. It was, therefore, immaterial whether, in this case, the justice had the authority to admin-

ister the oath or not. The indictment should have charged that the oath was taken before the coroner, and followed by the averment that he had competent authority to administer the same. But there is no such averment in the bill. It has been the practice sometimes for the judges in our superior courts to call on members of the bar or the solicitor to swear parties in the presence of the court, and we believe that it is the almost universal practice, where gentlemen have taken the oath of attorneys, for the judge to request some member of the bar to administer the oath. In all such cases, no matter by whom the oath is administered, it is taken before the court, and is the act of the court."

In the case of Stephens v. State, 1 Swan, 157, the prisoner was convicted of perjury committed upon the trial of one Edward Franklin, charged with an assault and battery upon the person of the prisoner. The oath was administered in the presence of the court by Edward M. Cullom, who was acting during the trial as assistant for the principal clerk, under his verbal request, and was not his regular deputy. Totten, J., in speaking for the court, at pages 158 and 159, says:

"It is next insisted that the oath was not legally administered to the prisoner on the occasion of the trial. We do not concur in the force of this objection. The oath was administered pending the trial, of course, in the presence of the judge presiding, and holding the court; and it is to be presumed that it was administered with his assent, and under his general direction and control. The judge himself may administer the oath, or he may direct any one in his presence, in open court, to administer it; and the oath will be valid. Every oath administered by the clerk during the term in relation to the business of the court is to be considered as administered in open court, in the presence of the judge, and under his sanction and control. In such case the oath does not derive its sanction and validity from the circumstance merely that it was administered by the clerk, but from the circumstance that it was duly administered in open court with the approval and under the control of the judge presiding. It was not, therefore, necessary that the person who administered the oath, under these circumstances, should have been a legally appointed deputy. We consider that the oath was properly administered."

In the case of Server v. State, 2 Blackf. 35, there was an indictment for perjury. The oath claimed to be invalid was administered in the circuit court by a certain person acting as deputy clerk, and it was held that no proof of the appointment of the deputy clerk was necessary; that in administering the oath he acted under the superintendence of the court, and hence that the oath was as obligatory as if administered by one of the judges.

In the case of Oaks v. Rodgers, 48 Cal. 201, the statute provided that before making the order the "court or judge" should administer to the applicant a specified form of oath, and the court held as follows:

"We think an oath administered by the clerk in open court, under its direction, is an oath administered by the court, in the sense of the statute."

It follows from all these authorities that the administration of the oath by the clerk, under the direction of Mr. Justice Patterson, should, for the purposes of this motion, be regarded as the act of the presiding justice, and with the same force and effect as if he had personally administered it to the defendant in the action in which it is alleged the defendant committed perjury. The motion for a direction to advise the jury to acquit the defendant is therefore denied.