## PEOPLE v. GIBSON.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. PERJURY—EVIDENCE—OPINION OF JUDGE.

   Upon the trial of an indictment for perjury charged to have been committed by the defendant when testifying at the trial of an action, the admission of evidence on behalf of the people that the judge presiding at that trial had said at the time that "in his opinion the man [i. e. the defendant under indictment] had been guilty of perjury," constitutes reversible error.

2. WITNESS—IMPEACHMENT—COLLATERAL MATTER.

   Upon a trial for perjury the defendant took the stand on his own behalf, and on cross-examination was asked whether he ever knew one S., who was called to stand up for him to see, and he denied ever having had any conversation with her. Thereupon the people, for the purpose of contradicting defendant, were permitted, under objection, to prove by S. a conversation between her and defendant, not relating to the issues. *Held* error.

Appeal from court of general sessions.

Charles A. Gibson was convicted of perjury, and appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

John Vincent, for appellant.

John D. Lindsay, for the People.

RUMSEY, J. The defendant was indicted for the crime of perjury, and was tried upon the indictment and found guilty at the court of general sessions, and, upon the verdict, was sentenced to imprisonment in the state's prison, and this appeal is brought from that judgment. The perjury was alleged to have been committed upon the trial of an action for divorce, brought by one Shrady against his wife, upon which the defendant here was sworn as a witness on behalf of the plaintiff in that case. At the close of the testimony which was given by the defendant upon the trial of the divorce case, he was held to bail by the judge presiding at that trial, to await the action of the grand jury upon the charge of perjury, as the result of which this conviction took place. The testimony which he gave upon the trial of the divorce action, the alleged falsity of which lay at the foundation of the charge against him here, was proven upon the trial of the indictment by a copy of the stenographer's minutes. In addition to the material testimony which was set up in the indictment, these minutes contained all the proceedings which were had on the trial during the examination of Gibson; and the whole of the stenographer's minutes in that case were received in evidence, and, so far as appears, without any objection on the part of the defendant. The defendant afterwards offered some further testimony as to what took place upon the trial of the divorce action, but that testimony is not material for consideration here. When the people had the case again in rebuttal, a witness was called, who was asked this question: "Did you hear Judge Pryor say anything to Charles A. Jackson in the presence of Gibson that morning?" This evidence was objected to, but the objection was overruled, and

the answer was admitted under the defendant's exception. The answer was: "After Mr. Jackson asked for a bench warrant to issue, Judge Pryor said he thought Mr. Jackson owed it to himself, to his family, and to the community to take proceedings against this man. He said, in his opinion the man had been guilty of perjury." The man referred to in that answer was the defendant here, and that was clearly understood by the jury. We are of the opinion that the objection to this testimony ought to have been sustained. It having been conceded that Gibson was a witness upon the divorce case, and that he gave material testimony there, the serious question to be determined by the jury on the trial of the indictment was whether the defendant, in giving that testimony, willfully and knowingly testified falsely. The people were bound to establish that fact beyond a reasonable doubt. It was to be established, however, by presenting to the jury, on the trial of the indictment, such facts as would enable them to say that the testimony given ·by the defendant was false, and that he knew that it was false, and, unless the facts presented upon the trial of the indictment were such as to establish the falsity and the knowledge beyond a reasonable doubt, the people failed ·in their case. That was not a matter which could be established by the opinion of anybody.· The inference of falsity could only be drawn from the facts which were made to appear to the jury. It was quite apparent, therefore, that the opinion of Judge Pryor that the defendant had committed perjury was not competent evidence. That this evidence might have caused serious harm to the defendant. cannot be denied. Judge Pryor had presided upon the trial of the divorce case. He heard all the testimony. He committed this man for perjury, and his statement, made while the evidence was fresh in his mind, that Gibson had committed perjury in giving that testimony, if it was permitted to be considered by the jury, as it was, would undoubtedly go far to induce them to believe that the testimony which he gave at that time was false, and that he knew it to be false.

It appeared also that Gibson, the defendant, was sworn in his own behalf on the trial of the action. Upon his cross-examination he was asked by the district attorney if he knew one Mrs. Suckert, to which he replied that he did not, and in response to other questions he said that he never saw her, that he knew of, and that he never had anything to do with any divorce matters for her. Mrs. Suckert was then called upon to stand up, which she did, and the defendant, in answer to further questions, said that he did not recognize her; that he never was introduced to her, and never had any conversation with her. Afterwards, the district attorney called Mrs. Suckert as a witness, and was permitted to prove by her that she brought a divorce suit against her husband; that during the progress of the suit she met the defendant, Gibson, and that he gave her considerable information as to the acts of her husband, which were material to her upon the trial of her divorce action. To this evidence the defendant's counsel strenuously objected, on the ground that it was entirely a collateral matter, which was brought out only upon the cross-examination of the defendant, and that, hav-

ing been so brought into the case, the people were concluded by his testimony, and could not contradict. This rule of law is well settled. Greenl. Ev. § 449. The defendant, being put upon the stand, was subject to substantially the same rules of examination as any other witness, and it was no more competent to contradict him by proof of collateral matters than it would have been to have contradicted anybody else. Marx v. People, 63 Barb. 618; Casey v. People, 72 N. Y. 395; People v. Tice, 131 N. Y. 651, 30 N. E. 494. It is claimed by the district attorney that, although this testimony was incompetent, and improperly admitted, it did no . harm; but whenever, in a criminal case, incompetent and improper evidence has been admitted, the presumption is that it was prejudicial to the party objecting to it. People v. Fernandez, 35 N. Y. 49. Especially is that the fact in regard to this testimony. The defendant was upon trial for false swearing. The question presented was whether testimony which he had given before was false, and whether he knew it to be false when he gave it. He had given testimony as to his good character, which he relied upon to some extent to secure an acquittal. In that state of affairs, if the people were permitted to establish generally that he testified to what was false in the trial of the particular indictment, even upon a collateral matter, such testimony could not help but prejudice the jury against him.

There are several other exceptions which present serious questions, but it is not necessary to go into any further examination of the record. The two exceptions already discussed are sufficiently fatal to require a reversal of this judgment, and it is not necessary to examine whether any of the other objections are well taken.

The judgment is reversed, and a new trial ordered. All concur.