(110 App. Div. 873)

## PEOPLE v. FROELICH.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. PERJURY—AFFIDAVIT OF SURETY ON BAIL BOND.
    Where a surety on a bail bond justified falsely and knowingly in his affidavit as to his ownership of property, he was guilty of perjury.
    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Perjury, §§ 9–11.]

2. CRIMINAL LAW—HARMLESS ERROR—REMARKS OF COUNSEL AND TRIAL JUDGE.
    Remarks to the jury by the district attorney and observations of the trial judge not complimentary to defendant may be disregarded on appeal, where the evidence is clear respecting the guilt of defendant.
    [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, §§ 3085, 3086, 3127.]

Appeal from Court of General Sessions, New York County.

Herman Froelich was convicted of the crime of perjury, and appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

L. E. Rogers, for appellant.
E. Sandford, for the People.

PATTERSON, J. The defendant was indicted for and convicted of the crime of perjury. The indictment charged that one Minnie Diesel was arrested by members of the police force upon a charge of disorderly conduct tending to a breach of the peace, in that, being a common prostitute and nightwalker, she did loiter and be in and around thoroughfares and public places for the purpose of prostitution and solicitation, to the annoyance of inhabitants and passersby. She was taken to the police station and was held in custody. The defendant, Froelich, appeared before the official assigned to take bail and offered himself as a surety for Minnie Diesel, and then and there exhibited to such official and signed an undertaking that the said Minnie Diesel would appear and answer the complaint before a magistrate before whom she would be arraigned, if not bailed out at a certain time, and that the said Minnie Diesel would remain subject to any order of the magistrate and render herself in execution thereof, or, if she failed to perform either of the conditions, then the bond would be forfeited. The indictment then proceeds to state in formal words, not necessary to be repeated, that the defendant, Froelich, offering himself as bail, took oath concerning the truth of the matters contained in his affidavit, and that he justified falsely, knowingly, willfully, corruptly, and feloniously that he was then and there worth the sum of $5,000, exclusive of property exempt from the execution, and that such property then and there consisted of certain personal property, to wit, the stock and fixtures of a certain café and saloon situate at No. 22 Second avenue, in the county of New York, and that he then and there owned the said property, whereas in truth and in fact he did not own that property.

This is a case of fraudulent bail. The defendant admits that he is a "professional bondsman." The evidence on the trial clearly showed that the defendant was guilty of perjury in swearing that he was the owner of the personal property upon which he justified as bail. He himself swears that he was paid for going on the bond, and he also says that he made his living largely by that industry. There is no doubt that the defendant signed this bond, and there is no doubt that he did not own the property upon which he justified. His own account of his connection with that property is enough to convict him.

The only other matter to be considered is the criticism upon remarks to the jury of the assistant district attorney, who tried the case for the people, and some observations of the trial judge not complimentary to the defendant; but those remarks may be disregarded. The evidence is so clear respecting the guilt of the defendant that they are not of sufficient importance to compel a reversal of the judgment. It is evident on the whole record that the defendant was guilty of the crime of perjury, and was properly convicted.

The judgment of conviction should be affirmed. All concur.