## SUPREME COURT—APP. DIV.—FOURTH DEPT.,

### July 11, 1911.

## THE PEOPLE v. WILLARD H. PECK.

(146 App. Div. 266.)

(1.) PERJURY—IMMATERIAL FACT.

Willfully and knowingly testifying falsely to an immaterial fact is not perjury.

(2.) SAME—INDICTMENT.

It is unnecessary that an indictment for perjury charge that any or all of the sworn statements of the defendant were material or were of and concerning a matter material in a proceeding then being legally conducted, provided the facts set forth are sufficient in themselves to show that the alleged false statements were material.

Such materiality, however, must be shown in the indictment itself, either by direct statement or by the facts therein set forth.

(3.) SAME.

An indictment for perjury is demurrable when it alleges that in the course of the examination of an insurance company by the Superintendent of Insurance the defendant, an officer of the company, was called as a witness, that the only material question upon his examination was whether a certain contract was valid and subsisting, and that he falsely, feloniously, willfully and knowingly testified that he "thought" the contract was a liability of the corporation and that he "believed" it was binding and that he "considered" that the company owed him money thereon, each of which statements was untrue.

(4.) SAME.

The existence of the contract being alleged in the indictment, its validity and effect were questions of law, and the defendant's opinion thereon could not have been material.

(5.) SAME.

Even though, conceding the validity of the contract, the indictment be construed to allege the materiality of the inquiry as to whether defendant had been paid and had received all he was entitled to under it, a judgment of conviction cannot be sustained on such theory where it appeared by the uncontradicted evidence on the trial that the defendant had been paid nothing on the contract and that, if it were valid, the corporation still owed the amount it had thereby agreed to pay.

(6.) SAME.
> Defendant's motion for the direction of a verdict of acquittal should have been granted.
>
> MCLENNAN, P. J., dissented in part.

APPEAL by the defendant, Willard H. Peck, from a judgment of the Supreme Court rendered against him on the 25th day of July, 1910, convicting him of the crime of perjury; also from an order bearing date the 4th day of March, 1910, and entered in the office of the clerk of the county of Onondaga, overruling the defendant's demurrers to the indictment, and also from an order entered in said clerk's office on the 25th day of July, 1910, denying the defendant's motion for a new trial made upon the minutes.

*William Nottingham* and *Ceylon H. Lewis,* for the appellant.

*George Hopkins Bond,* District Attorney, and *George W. Standen,* for the respondent.

ROBSON, J.:

The indictment upon which defendant's conviction was had charges that the perjury assigned was committed during the course of an examination made by an examiner appointed by the superintendent of insurance to examine into and report on the affairs of the People's Mutual Life Insurance Association, an insurance society and corporation duly organized, incorporated and existing under and by virtue of the laws of this State and doing business at the city of Syracuse, which was subject to the supervision of the Insurance Department of this State, of which corporation defendant was at all the times thereinafter mentioned an officer and secretary, and that on the 6th day of January, 1910, in the course of such examination the defendant was duly sworn before the said examiner to give true evidence touching the matters in question upon such examination, the said examiner then and

there having sufficient and competent authority to administer such oath in that behalf. The indictment further charges that upon said examination it became then and there a material question whether a contract which the defendant had with the corporation that it should pay defendant three cents from each quarterly capita tax paid by every member belonging to it and one-half cent from each monthly rate payment on all certificates issued by it was a liability of the corporation, whether said contract was binding upon it, whether such contract was valuable, whether it owed defendant upon such contract, and whether said contract represented a legal claim against it. It is further charged that defendant, being so sworn and upon oath, falsely, feloniously, corruptly, knowingly and willfully testified that " he thought that said contract was a liability " of the corporation " and that he believed that at all times said contract was binding upon " it, " and that he considered said contract valuable," and that he " considered " the corporation " owed him * * * upon said contract," and that " he believed that said contract represented a legal claim against " it. Each of these statements is then separately negatived; and it is further charged that defendant in each instance well knew that the fact was contrary to the statement so made of what he thought, believed or considered such fact to be.

The question of the sufficiency and legality of the indictment was directly and fully presented by the demurrers interposed thereto.

Willfully and knowingly testifying to an immaterial fact is not perjury. (People v. Teal, 196 N. Y. 372.) The indictment does not in words charge that any or all of the statements therein alleged to have been made by defendant were material or were of and concerning a matter material in the proceeding then being conducted by the examiner. It is not necessary that the indictment so charge, provided the facts, which are set forth therein, are sufficient in themselves to show that the sworn statements

alleged to be false were material. But the materiality must be shown in the indictment itself either by direct statement or by the facts stated therein. (Wood v. People, 59 N. Y. 117, 121; People v. Gillette, 126 App. Div. 665, 672; Commonwealth v. Pollard, 53 Mass. 225, 229.) The facts stated in the indictment do not show that the matters upon which defendant made under oath the statements assigned as perjury were pertinent or material to any matter before the examiner for examination. Upon that examination the questions then and there (*i. e.,* when defendant was sworn and examined as a witness) material were, as stated in the indictment, whether the contract was a liability of the corporation, whether the contract was binding upon the corporation, whether the contract was valuable, whether the corporation owed defendant upon it, and whether it represented a legal claim against the corporation. The apparent equivalent of all these questions is the single one, was the contract a valid and subsisting one? Whatever may in fact have been the object, or scope, of the examination, for the purpose of this action the indictment has limited it to this single material matter. This beng so it is apparent that neither its validity nor its legal effect could be determined as a fact by ascertaining what anyone, even an officer of the corporation, " thought," or " believed " or " considered " upon the subject. In other words, the fact of the existence of such a contract being alleged in the indictment, its validity and effect were on the face of the indictment itself plainly questions of law, in the determination of which the defendant's opinion, or his statements sounding in opinion only, could not be material. It follows that the demurrers to the indictment should have been allowed, and judgment to that effect directed.

It may, however, be suggested that since, as has already been stated, the indictment sets forth, as a material matter on the examination, the question whether the insurance corporation owed defendant on the contract, that allegation unexplained might

include the question whether, even conceding the validity of the contract, defendant had been paid and had received everything to which he was entitled under it. I do not think this suggestion is tenable, because the material matter alleged was the legality of the contract itself. But if it be tenable, then it was fully met when it appeared by the uncontradicted evidence on the trial that defendant had been paid nothing on the contract; and, if valid, the corporation still owed the amount it had thereby agreed to pay. This fact having been made to appear, the defendant disposed of all claim that his statement before the examiner might be considered as false for the reason suggested, and his motion made at the close of the evidence that the court direct an acquittal should have been granted.

The record also contains exceptions to the admission and rejection of evidence and to the charge of the court, which it is believed present reversible error; but because the present disposition of this appeal necessarily follows from the views above indicated it is unnecessary to refer to them further.

The judgment, the order denying new trial, and the order overruling and denying defendant's demurrers should be reversed, the demurrers to the indictment allowed and the indictment dismissed.

All concurred, McLENNAN, P. J., concurring only as to the reversal of the judgment and the order denying motion for new trial, because of errors committed upon the trial, being of the opinion that the indictment alleges a crime and that the demurrers were properly overruled.

Judgment of conviction, order denying motion for new trial, and order overruling defendant's demurrers reversed, demurrers to indictment allowed and indictment dismissed.

# NOTE ON PERJURY.

(See notes, Vol. 12, p. 256; Vol. 6, p. 491; Vol. 17, p. 408.)

## DEFINITION.

At common law defined as the wilful and corrupt taking of a false oath, lawfully administered in a judicial proceeding or the course of justice in regard to a matter material to the issue or point of inquiry. People v. Martin, 77 App. Div. 396; Hopkins v. Smith, 3 Barb. 599.

## ELEMENTS OF CRIME.

Where a witness swears to a thing of which he consciously knows nothing, although it is in fact true, he is guilty of perjury. People v. McKinney, 3 Park. Crim. 510.

Penal Code, section 96, relating to perjury and providing that a person who swears that any affidavit or other writing by him subscribed is true, on any occasion in which an oath is required by law, or is necessary for the prosecution or defense of a private right, or for the ends of public justice, and who on such occasion wilfully and knowingly deposes falsely in any material matter, or states in his affidavit, any material matter to be true which he knows to be false, is guilty of perjury, includes not only any and every false and corrupt oath and affidavit taken or made in New York which is permitted or required by its statutes, but also includes any and every oath or affidavit so taken or made, if permitted or required by the laws of any other state of the union, whenever under the general law of comity which exists between the states they would be considered and given effect in New York; and hence an officer of a foreign corporation, which is required by a statute of the state where it was created to take an oath as to the amount of capital stock paid in, who swears falsely to such an amount before a notary public in New York is guilty of the crime of perjury. People v. Martin, 175 N. Y. 315.

Held perjury to swear falsely to a material point in an affidavit made for the purpose of obtaining a writ of certiorari. Pratt v. Price, 11 Wend. 127.

Held perjury to swear falsely to the execution of a deed as an attesting witness. Tuttle v. People, 36 N. Y. 431.

A surety on a bail-bond who testifies falsely and knowingly in an affidavit or on his examination as to his ownership of property or other

qualifications to act as such, is guilty of perjury. People v. Froelich, 110 App. Div. 873.

A wilful and corrupt statement under oath by an officer of a state bank to the superintendent of banks, being false, is perjury. People v. Vail, 57 How. Pr. 81.

An order of reference made after the report has been filed, with the consent of both parties that it be entered *nunc pro tunc* will not relate back so as to give an extrajudicial oath the effect of an oath legally administered on which a charge of perjury can be sustained, as being false testimony in a trial before a referee. Bonner v. McPhail, 31 Barb. 106.

Perjury may be assigned in proceedings before a fire marshal. Harris v. People, 64 N. Y. 148.

The taking of a mere voluntary oath that is nowhere either authorized or required by statute held not to be perjury. People v. Martin, 38 Misc. 67.

The false swearing must have been before a court or magistrate having jurisdiction of the matter under investigation, in order to constitute perjury in a judicial proceeding. People v. Collins, 57 App. Div. 257.

Perjury cannot be predicated upon a sworn complaint or accusation made for the purpose of commencing a prosecution, which complaint or accusation is deficient in the facts required by statute to be shown in order to vest jurisdiction in the tribunal. Johnson v. State, 58 Ga. 397.

Where the oath is administered by a person who has no legal authority to do so, or by a person acting in a private capacity merely, or by one having authority to administer certain oaths, but not the one in question, or by one having an authority which was seemingly colorable, but having no authority in fact, the oath is held altogether idle, and there can be no conviction for perjury of one who makes a false statement under it. Lambert v. People, 76 N. Y. 220.

Perjury cannot be assigned on an oath administered by an officer *de . facto.* People v. Cook, 8 N. Y. 67.

Where the constitution requires vacancies to be filled by election, perjury cannot be assigned of testimony given before an officer appointed to fill a vacancy, since such appointment confers no color of title to office. People v. Albertson, 8 How. Pr. 363.

The mere delivery of an affidavit, signed by the person presenting it, to the officer for his certificate, is not such an act as will constitute a valid

oath, so that a prosecution for perjury can be predicated thereon. O'Reilly v. People, 86 N. Y. 154.

Not necessary, in order to constitute perjury, that the false affidavit of verification relied upon to sustain the charge shall itself state the facts which are sworn to, but they may be stated in the report or pleading to which the affidavit is attached. People v. Ostrander, 64 Hun, 335.

The want of a signature to the affidavit is not material, the signature being no part of the affidavit, but merely authenticating it. Commonwealth v. Carell, 105 Mass. 582.

It is perjury, under section 96 of the Penal Code (Penal Law, 1620), for a witness to testify falsely that he does not remember what occurred in connection with the criminal transaction for which an indictment has been had, where he well knows and remembers facts in regard to the same which are material in determining the guilty or innocence of the accused. People v. Doody, 16 N. Y. Crim. 466.

A surety on a bail bond who falsely states in his affidavit of qualification and on his examination under oath before the magistrate that he owns specific real estate of a certain value is guilty of perjury. The sufficiency of a surety is a subject of judicial inquiry and the false statements aforesaid are material to the issue. People v. Davis, 21 N. Y. Crim. 573.

It is not perjury for an officer of a corporation to testify that a bank account standing in his own name was his individual account, although in fact it was held in trust for the corporation, for the relation of debtor and creditor existed between him and the bank. But even if such testimony be misleading the defect is cured where the witness immediately supplements his statement by telling the whole truth with reference to the account and the sources from which the fund came. People v. Gillette, 22 N. Y. Crim. 400.

The provisions of chapter 300 of the laws of 1909, which added to the insurance law a new section to be designated as section 63, was intended to extend the jurisdiction of the superintendent of insurance to insurance corporations of every character, and by implication, to authorize him to examine the affairs and question under oath the officers of any fraternal beneficiary society or town and county co-operative insurance corporation, notwithstanding section 57 of the insurance law which had theretofore exempted such societies and corporations from such examinations; and the false swearing of any officer or any such society or corporation on any such examination, upon a subject material thereto, constitutes perjury. People v. Reed, 25 N. Y. Crim. 24.

### ELEMENTS OF CRIME IN PARTICULAR PROCEEDINGS.

Perjury by a witness examined on preliminary hearing in a criminal case. People v. Collins, 57 App. Div. 257.

When oath is not wilfully or corruptly false. Dempsey v. People, 20 Hun, 261.

When deposition states facts from which it may be inferred that the false testimony was wilfully and knowingly given. Krauskopf v. Tallman, 38 App. Div. 273.

False statements in an account verified by the jailor may constitute perjury. People v. Bowe, 34 Hun, 528.

Erasure of signature of subscribing witness to a deed, and procuring the recording of the instrument by falsely swearing to be the subscribing witness constitutes perjury. Tuttle v. People, 36 N. Y. 431.

Perjury in verification of an answer. People v. Christopher, 4 Hun, 805.

### INDICTMENT.

In an indictment for perjury it is sufficient to allege the substantial and specific facts constituting the offense, without setting forth the evidence by which the truth of the averments has to be sustained. Tuttle v. People, 36 N. Y. 431.

Whether the witness was subpœnaed or appeared voluntarily need not appear from the indictment. Commonwealth v. Knight, 12 Mass. 274.

Where the oath itself constitutes a charge of felony, there need be no further allegation that the oath was taken in a judicial proceeding. People v. Robertson, 3 Wheeler Crim. 180.

Where the description of the complaint shows that it was a criminal case in which the defendant was alleged to have committed perjury, the indictment need not allege that it was in a criminal case. Commonwealth v. Wright, 166 Mass. 174.

Held sufficient to allege in general terms that a certain issue was joined in said proceeding without stating the issue, held sufficient, where the indictment by its allegations shows that perjury was committed by the defendant in a judicial proceeding, in a court possessing competent jurisdiction, and describes such judicial proceeding with reasonable certainty. People v. Grimshaw, 33 Hun, 505.

Held no necessity of setting forth in the indictment in express terms that the court had jurisdiction of the case in which the alleged false testimony was given. Burns v. People, 59 Barb. 531.

It is not necessary, even in an indictment for perjury committed before an inferior court, to set out all the facts to show its jurisdiction; and it is sufficient to aver that it had authority to administer the oath. Much less is so great a degree of exactness required when the averment relates to a court of general jurisdiction. Eighmy v. People, 79 N. Y. 546.

If an indictment for perjury before a ministerial officer charges that he was authorized to administer the oath, it need not allege the facts showing his jurisdiction. People v. Tredway, 3 Barb. 470.

Not necessary to set out the exact language used by the defendant on the occasion of the alleged perjury, but it is sufficient to allege the substance and effect thereof. People v. Ostrander, 64 Hun, 335.

Where the oath is set forth in the indictment " in substance and to the effect following " an exact recital is not necessary. People v. Warner, 5 Wend. 271.

Such parts of the oath as are alleged to be false and material are all that need be set out, and there is no necessity of setting out the whole oath. Campbell v. State, 8 Wend. 636.

Averments of facts held insufficient to show materiality. People v. Root, 94 App. Div. 84.

An indictment for perjury in making a false affidavit for the purpose of obtaining an audit of an unliquidated claim against a city that does not aver that the affidavit was authorized by the charter of the city, or that it was made for the purpose required thereby, or that the claim to which it was appended was ever presented to the common council for audit, is fatally defective. Ortner v. People, 4 Hun, 423.

A complaint for perjury simply stating that " material facts " as sworn to were false, without stating what facts, is defective. Matter of Rothacker, 11 Abb. New Cas. 122.

Variances held not material. People v. Burroughs, 1 Park. Crim. 211.

Indictment charging the making of a false affidavit, need not allege the delivery of the same. People v. Williams, 149 N. Y. 1.

An information which shows that relator had sworn to one state of facts, and complainant sworn that he thereby swore falsely, and there were no supporting witnesses and no suggestion of corroborating circumstances does not present legal evidence justifying the magistrate in issuing a warrant for perjury People ex rel. Jacobs v. McGirr, 17 N. Y. Crim. 173; People v. Martin, 17 Id. 150.

One who testifies falsely before a grand jury to facts material to the subject of their inquiry does not escape the crime of perjury by reason of the presence in the grand jury room of one who is not permitted by law to be present. People v. Glasser, 22 N. Y. Crim. 568.

Section 291, Code of Criminal Procedure, governing indictments for perjury does not dispense with the necessity of identifying the particular matter in respect to which the crime of perjury was committed and when it is alleged that it was committed before a grand jury, then the indictment must not only charge the perjury, but must also specifically state the subject which was being investigated. People v. Gilette, 22 N. Y. Crim. 400.

An indictment for giving perjured testimony before a grand jury which merely alleges that the investigation was for the purpose, among other things, " of ascertaining whether officers or employees of any description of life insurance companies in this state have lately violated  *  *  * the criminal laws of the state," is insufficient to sustain a conviction of an officer of such corporation who was compelled to testify under oath, because the particular crime under investigation is not stated. People v. Gilette, 22 N. Y. Crim. 400.

In an indictment for perjury, it is not enough to allege that the defendant falsely testified to the matter set forth; but the indictment should state directly and specifically wherein the matter was false. People v. Tatum, 22 N. Y. Crim. 557.

An indictment for perjury, which charges that upon such special investigation it became material whether the defendant, who had been duly sworn by one of the commissioners, ever received any money from one E. the proprietor of a common show in that portion of the city of New York commonly called Jamaica; that defendant falsely swore that he never had received any money from said E., whereas in truth and in fact, defendant had collected and received from said E. certain sums mentioned in the indictment at times therein stated and that such testimony was wilfully false, is demurrable upon the ground that the alleged false testimony was not material to the subject matter of the inquiry in question. People v. Tillman, 23 N. Y. Crim. 401.

An indictment for perjury in giving false testimony need not set forth the facts upon which the materiality of the evidence depends; it is sufficient if it charges generally that the evidence was material. People v. Tillman, 25 N. Y. Crim. 32.

NECESSITY OF MATERIALITY OF TESTIMONY.

False testimony is deemed material when it is pertinent to the main issue. People v. Doody, 172 N. Y. 165.

In a proceeding before a deputy state superintendent of elections to determine the validity of the registration of electors, a false statement as to the residence of such electors is a material false statement as to a pertinent matter, falling within the provisions of section 7, chapter 689 of the laws of 1905, making it a felony to take a false oath before such an officer. People v. Ellenbogen, 114 App. Div. 182.

Held sufficient if the testimony be circumstantially material. Wood v. People, 59 N. Y. 117.

Though the testimony is not of itself sufficient to establish the main issue, if it is circumstantially material, it is perjury. Commonwealth v. Pollard, 12 Metcalf (Mass.) 225.

Reference should be had to the issue as it existed at the time the oath was administered to the witness, to make a proper test of the materiality of the testimony alleged to be false. Bullock v. Coon, 4 Wend. 531.

Although the case may fail from defect of proof as to other facts at issue, and although the other fact alleged may have had no existence, a person who swears falsely as to any fact relevant to the issue, is guilty of perjury. Wood v. People, 59 N. Y. 117.

False testimony tending to either aggravate or mitigate the damages in an action is material and constitutes perjury. People v. Courtney, 94 N. Y. 490.

A false answer of a witness stating that he has never been convicted of a felony affects his credibility as a witness, and is therefore material, and a charge of perjury may be predicated thereon. People v. Link, 4 N. Y. Supp. 436, 6 N. Y. Crim. 185.

A witness whose testimony is incompetent may be held guilty of perjury, if the opposing party waives objections to such incompetency. Chamberlain v. People, 23 N. Y. 85.

Witness's knowledge of materiality of his testimony not necessary. Penal Law, section 1624.

MATERIALITY.

In an indictment for perjury committed upon the examination of the defendant before the grand jury the indictment must so specify the sub-

ject under investigation as to disclose that the testimony alleged to have been falsely given was material. People v. Tatum, 22 N. Y. Crim. 557.

To constitute perjury, the testimony, the falsity of which is charged must be material, and on a prosecution therefor it is a question of law for the court whether or not it is material. People ex rel. Hageman v. Corrigan, 23 N. Y. Crim. 242.

The payment of money for an undisclosed purpose by a person conducting a business which cannot lawfully be conducted without a license, but who is not alleged to be the owner of one, to a person not shown to hold any official relation to the bureau of licenses in the city of New York or any relation to any person employed in such bureau, is not "material" within the provisions of section 96 of the Penal Code, relating to perjury, on a special inquiry by the commissioners of accounts, under section 119 of the Greater New York charter, into the accounts or methods of the office of said bureau. People v. Tillman, 23 N. Y. Crim. 401.

Difficulty of proof does not invalidate an indictment; and an indictment for perjury in such case is good, though the fact as to which perjury alleged is the belief or opinion of the witness. People v. Reed, 25 N. Y. Crim. 24.

Where the indictment states a fact to be material to an examination though the statement of the witness was as to his belief in the existence of such fact only, the indictment should be sustained. People v. Reed, 25 N. Y. 24.

### EVIDENCE.

Irrelevant and immaterial evidence held inadmissible. People v. Williams, 92 Hun, 354.

Antecedent acts and declarations of defendant, being part of the *res gestae*, and material as matter of inducement, may be shown in evidence. Tuttle v. People, 36 N. Y. 431.

The state is entitled to introduce any proper evidence to show knowledge on the part of the defendant of the falsity of his evidence. People v. Doody, 72 App. Div. 372.

Where the evidence to show that an officer before whom an oath was taken was one *de jure* or *de facto* is at best but *prima facie* proof that he was a non-resident and was incapable of holding the office is competent to rebut any presumption arising from such evidence. Lambert v. People, 76 N. Y. 220.

Proof that the oath was administered, independent of the certificate of the notary, held necessary. Case v. People, 76 N. Y. 242.

Where the notary identified the genuineness of the authentication, but could not otherwise positively or directly swear that he administered an oath, and defendant and three others swore that no oath was administered, but that the affidavit was signed by the defendant and carried out of the room to the notary, who then affixed his jurat, a conviction of perjury cannot be sustained. Case v. People, 76 N. Y. 242.

A charge of perjury may be sustained by the testimony of two witnesses, or by that of one witness and corroborating circumstances. People v. Stone, 32 Hun, 41.

Where proof is based upon circumstantial evidence the rule that there must be two witnesses to prove the charge, or if only one witness is produced, there must be independent corroborating circumstances, does not apply. People v. Doody, 172 N. Y. 165.

A single witness is sufficient to establish the taking of the oath and the matter sworn to. People v. Hayes, 140 N. Y. 484.

In a prosecution for perjury by giving false testimony in a proceeding to discover illegal registration, the defendant's testimony is admissible against him, and should not be excluded on the ground that he was illegally coerced to give the same by the pains and penalties of the statute. People v. Cahill, 126 App. Div. 391.

A person assuming to be a "principal officer" of a bank, and verifying a report, is estopped from thereafter denying that he is such officer. People v. Trumpbour, 64 Hun, 346.

Conviction cannot be had upon the uncorroborated testimony of one witness. People v. Stone, 32 Hun, 41. See generally, People ex rel. Madigan v. Sturgis, 110 App. Div. 1.

In order to convict of perjury upon oral evidence, there must be two witnesses, or one witness supported by corroborating and independent circumstances, except where the proof of perjury is necessarily based upon circumstantial evidence. People v. Doody, 16 N. Y. Crim. 466.

The rule that prevails in cases of perjury, where one oath is placed against another, there must be two witnesses to prove the charge or in case only one witness is produced there must be independent corroborating circumstances, has no application where the proof of the crime is necessarily based upon circumstantial evidence. People v. Doody, 17 N. Y. Crim. 69.

The previous statements and admissions of one on trial for perjury in falsely swearing that he did not remember material facts involved in the issue on trial, by which he accused himself and others of conspiracy and the commission of a crime, are not inadmissible as tending to prove the commission by him of another offense when the sole purpose of such testimony is to establish the fact that he did remember them; nor are indictments against his confederates based upon such statements inadmissible, since they are competent as to the probability of the witness forgetting events which produced such startling results. People v. Doody, 17 N. Y. Crim. 69.

It is to be presumed that a grand jury acted properly and upon sufficient and legal evidence—and if during any part of the period of its sessions a person was in the grand jury room who was not authorized by law to be present, it will not be presumed that he was present when the indictment in question was found or the charge upon which it was based was considered. People v. Glasser, 22 N. Y. Crim. 568.

An indictment for perjury in giving false testimony before commissioners appointed by the mayor of the city of New York, to conduct a special examination into the accounts and methods of the bureau of licenses will not be held defective on demurrer where by a general allegation it is alleged that the testimony was material, even though the defendant, who falsely testified that he had not received money from the proprietor of a common show in that part of the city known as Jamaica, is not alleged to have been connected with the city bureau of licenses, and although the person who paid the money was not required to pay a license this because under the general allegation that the testimony was material the fact that a license was required might be proved, and although the defendant was not connected with the bureau of licenses, his testimony in respect to the receipt of the money might be material as a connecting link establishing corrupt practices in the bureau of licenses. People v. Tillman, 25 N. Y. Crim. 32.

### DEFENSES.

To constitute a valid oath for the falsity of which perjury will lie there must be an unequivocal and present act in some form in the presence of an officer authorized to administer oaths, by which the affiant consciously takes upon himself the obligations of an oath. The mere delivery of an affidavit, signed by the person presenting it, to the officer for his certificate, is not such an act. O'Reilly v. People, 86 N. Y. 154.

An oath administered by the clerk of court in open court and under the direction of the court is an oath administered by the court, and is a proper basis for a charge of perjury. People v. Nolte, 19 Misc. 674.

If the party taking an oath makes no objection to the mode of administering it at the time, he is deemed to have assented to the particular form adopted, and is liable to all consequences of perjury. People v. Cook, 8 N. Y. 67.

Irregularities in the mode of administering oaths no defense. Penal Law, section 1621.

Incompetency of witness no defense. Penal Law, section 1623.

The fact that an improper person makes an affidavit is no defense to a prosecution for perjury. People v. Bowe, 34 Hun, 528.

Where defendant at the time of the giving of the false testimony was so intoxicated as to be incapacitated to understand the testimony he gave, or to wilfully or knowingly swear falsely, he is entitled to an acquittal. Lytle v. State, 31 Ohio St. 196. But see People v. Willey, 2 Park. Crim. 19.

Advice of counsel is no defense where it was sought as a mere cover to secure immunity from the penalty of the crime. Tuttle v. People, 36 N. Y. 431.

Under an indictment against an officer of a bank for perjury in falsely making affidavit as to the truth of a report of the condition of the bank, defendant cannot object that the affidavits of other persons to the report are defective, and therefore extra judicial, so long as his own affidavit was in proper form and complied with the law. People v. Trumpbour, 135 N. Y. 639.

The truth or falsehood of a defense that at the time he testified he did not remember, the defendant was and had been suffering paresis which paralyzed his memory to such an extent that he could not be held responsible for his answers, is a question of fact for the jury, and its determination against him, if made upon sufficient evidence, will not be disturbed on appeal. People v. Doody, 17 N. Y. Crim. 69.

TRIAL.

All questions of fact arising during the trial are for the jury. People v. Gilhooley, 108 App. Div. 234.

Whether the oath is knowingly and corruptly false is a question for the jury. People v. Doody, 172 N. Y. 175.

Where there are several assignments of perjury, a verdict of guilty, without a finding specifying upon which assignment the conviction was had, is bad, unless the evidence is sufficient to justify a verdict of guilty upon each or every one of them. People v. Root, 94 App. Div. 84.

The verdict in a perjury case must not be inconsistent with the issues. Harris v. People, 64 N. Y. 148.

A judgment will not be reversed on account of the erroneous admission or exclusion of evidence which did not prejudice defendant, but if the defendant was, or might have been prejudiced, it constitutes reversible error. People v. Gibson, 24 App. Div. 12.

A witness who swears falsely, wilfully and corruptly to the effect that he does not remember certain material facts involved in the issues on trial, when it is shown by competent proof that he did remember them, is properly convicted of perjury. People v. Doody, 17 N. Y. Crim. 69.